UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VICTOR EDWARD VILLANUEVA SEVILLA, <br><br> Plaintiff, <br><br> v. <br><br> JAMES DOYLE, et al., <br><br> Defendants. | Case No. 3:25-CV-496-CCB-SJF |

## **OPINION AND ORDER**

In their Renewed Motion for Judgment on the Pleadings, Defendants have requested that the Court dismiss Plaintiff's request for punitive damages.[1] (ECF 15).

### BACKGROUND

On January 21, 2025, Defendant James Doyle collided with a vehicle driven by Plaintiff Victor Edward Villanueva Sevilla while operating a tractor-trailer under the employ of Defendant Bowling Transportation, Inc., on U.S. Highway 30 in Marshall County, Indiana. (ECF 15-1 at 1). Plaintiff filed a lawsuit on May 15, 2025, which was removed to this Court on June 6, 2025 (ECF 1). On July 28, 2025, Plaintiff filed an Amended Complaint alleging negligence by Defendant James Doyle and employer

---

[1] Defendants also moved to dismiss independent negligence claims against Bowling Transportation, Inc. (ECF 15). However, as Plaintiff notes in his Response, these independent negligence claims are removed in the Amended Complaint (ECF 17 at 8–9; ECF 12). Thus, the sole remaining issue in Defendants' Motion is their request to dismiss Plaintiff's plea for punitive damages.

liability as to Defendant Bowling Transportation, Inc. (ECF 12). Defendants have moved for a judgment on the pleadings (ECF 15).

## ANALYSIS

Defendants argue that Plaintiff's plea for punitive damages should be dismissed Under Rule 12(b)(6), arguing that "[t]here are no facts pled in the Complaint" which plausibly allege punitive damages by indicating that Defendant "acted with malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, overzealousness, or other human failing." (ECF 18 at 2, 5–6) (quoting *Balzer v. Am, Fam. Ins.*, 805 F. Supp. 2d 618, 629 (N.D. Ind. 2011)).

However, as Defendants themselves note, "punitive damages are a remedy, not a separate cause of action." *Crabtree ex rel. Kemp v. Est. of Crabtree*, 837 N.E.2d 135, 137 (Ind. 2005). Courts only evaluate punitive damages after a "[s]uccessful pursuit of a cause of action for compensatory damages." *Id.* (citing *Erie Ins. v. Hickman*, 622 N.E.2d 515, 523 (Ind. 1993)). It is nonsensical for a court to "dismiss" a request for punitive damages at the pleading stage. *See Hardiman v. Lipnic*, 455 F. Supp. 3d 693, 702 (N.D. Ill 2020) ("[T]he [defendant] asserts that . . . it is not subject to punitive damages. The [defendant's] position is noted, but the argument is premature. Punitive damages are a remedy not an independent claim.").

Defendants' motion is thus best understood as a motion to strike the punitive damages language from the Amended Complaint under Rule of Civil Procedure 12(f). *See Manning v. YRC, Inc.*, 2020 WL 3544981, at *1 (S. D. Ill. June 30, 2020) (noting that when "Defendants ask the Court to dismiss Plaintiff's claims for punitive damages"

under Rule 12(b)(6), "[e]ssentially, what Defendants are asking this Court to do is strike Plaintiff's requests for punitive damages." (internal quotations omitted)). But the standard for striking material under Rule 12(f) is different from the standard for dismissal under Rule 12(b)(6). Under Rule 12(f), a court may only strike material that is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f).

Plaintiff's request for a punitive damages remedy is not "redundant, immaterial, impertinent, or scandalous." *See Ehlerding v. Am. Mattress and Upholstery, Inc.*, 208 F. Supp. 3d 944, 953 (N.D. Ind. 2016) (a "prayer for punitive damages is neither a defense, redundant, immaterial, impertinent, nor scandalous") (quoting *Driveaway and Truckaway Servs., Inc. v. Aaron Driveaway & Truckaway Co.*, 781 F. Supp. 548, 549–50 (N.D. Ill. 1991)). Thus, the Court declines to strike it.

## Conclusion

For the foregoing reasons, Defendants' Renewed Motion for Judgment on the Pleadings is **DENIED** (ECF 15).

SO ORDERED on December 11, 2025.

          /s/*Cristal C. Brisco*
          CRISTAL C. BRISCO, JUDGE
          UNITED STATES DISTRICT COURT